WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Damian Dudley,<br><br>                 Petitioner,<br><br>   v.<br><br>Charles L. Ryan, et al.,<br><br>                 Respondents. | No.  CV 15-0471-PHX-SMM (JZB)<br><br><br>**O R D E R** |

Petitioner Damian Dudley, who is confined in the Arizona State Prison Complex-Lewis, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and paid the $5.00 filing fee.  The Court will require Petitioner to file a certification.

**I.    Petition is Not Signed**

Petitioner did not sign his § 2254 Petition.  The Petition must be signed by Petitioner under penalty of perjury.  *See* 28 U.S.C. § 2242; Rule 2(c)(5) of the Rules Governing Section 2254 Cases; Fed. R. Civ. P. 11(a); LRCiv 3.5(a).  An unsigned pleading must be stricken unless omission of the signature is corrected promptly after being called to the attention of the party.  Fed. R. Civ. P. 11(a).

Because the Petition has not been signed, Petitioner will be granted 30 days from the filing date of this Order to submit a completed and signed Certificate, using the Certificate form included with this Order, certifying that Petitioner's signature on the Certificate shall serve as an original signature, under penalty of perjury, on his § 2254 Petition for the purposes of 28 U.S.C. § 2242, Rule 2(c)(5) of the Rules Governing

JDDL

1. Section 2254 Cases, Rule 3.5(a) of the Local Rules of Civil Procedure, and Rule 11 of the Federal Rules of Civil Procedure. If Petitioner fails to submit a completed and signed Certificate, the Court will strike the Petition and dismiss this action without prejudice.

**II.   Warnings**

   **A.   Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **B.   Copies**

Because Petitioner is currently confined in an Arizona Department of Corrections unit subject to General Order 14-17, Petitioner is not required to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Local Rule of Civil Procedure 5.4. If Petitioner is transferred to a unit other than one subject to General Order 14-17, he will be notified of the requirements regarding copies for the Court that are required for inmates whose cases are not subject to General Order 14-17.

   **C.   Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Within 30 days of the date this Order is filed, Petitioner must file a completed and signed Certificate, using the Certificate form provided with this Order, certifying that Petitioner's signature on the Certificate shall serve as an original signature on the Petition for the purposes of 28 U.S.C. § 2242, Rule 2(c)(5) of the Rules Governing Section 2254 Cases, Rule 3.5(a) of the Local Rules of Civil Procedure, and Rule 11 of the Federal Rules of Civil Procedure.

1      (2)    If Petitioner fails to file, within 30 days, a completed and signed Certificate on the form provided with this Order, the Clerk of Court must strike Petitioner's Petition and enter a judgment of dismissal of this action without prejudice and without further notice to Petitioner.

    (3)    The Clerk of Court must mail Petitioner a Certificate form.

Dated this 27th day of April, 2015.

                                                  */s/ Stephen M. McNamee*
                                                  Honorable Stephen M. McNamee
                                                  Senior United States District Judge