WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Damian Dudley,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No.  CV 15-0471-PHX-SMM (JZB)<br><br>**O R D E R** |

On March 13, 2015, Petitioner Damian Dudley, who is confined in the Arizona State Prison Complex-Lewis, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and paid the $5.00 filing fee, but he did not sign the Petition.  In an April 27, 2015 Order, the Court gave Petitioner 30 days to file a certification.  On May 6, 2015, Petitioner filed a Motion for Blank Certificate (Doc. 7), a Declaration in Support of his Motion for a Blank Certificate (Doc. 8), and a Motion to Submit Page Eleven of Petition (Doc. 9) and attached a signed copy of the Petition for Writ of Habeas Corpus form's signature page.  The Court will accept the signed copy of the Petition form's signature page, deny the Motions as moot, and require an answer to the Petition.

**I.     Petitioner's Motions**

In his Motion for Blank Certificate (Doc. 7), Petitioner states that he did not receive the Certificate form, which was supposed to be included with the Court's April 27, 2015 Order, and requests that a Certificate form be sent to him.  In his Motion to

Submit Page Eleven of Petition (Doc. 9), Petitioner asks the Court to accept the attached, signed copy of page eleven of the Petitioner for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 form's signature page in lieu of the Certificate form. The Court will accept the provided signature page and will deny Petitioner's motions as moot.

**II.     Petition**

Petitioner was convicted in Maricopa County Superior Court, case #2007-128171, of one count of robbery, one count of kidnapping, and one count of aggravated assault and was sentenced to concurrent terms of imprisonment, the longest of which was seventeen years. Petitioner's conviction and sentence was affirmed by the Arizona Court of Appeals on March 6, 2012, and the Arizona Supreme Court denied his petition for review on July 24, 2012. On October 22, 2012, Petitioner filed a petition for post-conviction relief, the Maricopa County Superior Court denied it, and the Arizona Court of Appeals granted review, but denied relief. In his Petition, Petitioner names Charles L. Ryan as Respondent and the Arizona Attorney General as an Additional Respondent. Petitioner raises twelve grounds for relief:

1) Petitioner's indictment violated the Sixth Amendment because it did not allege venue;

2) there were numerous errors that could not have been harmless;

3) the prosecutor failed to properly show that the admission of Petitioner's Massachusetts prior conviction for use as a sentencing enhancement did not violate his Sixth Amendment rights;

4) Petitioner's Sixth and Fourteenth Amendment rights were violated when the prosecutor referred to facts that were not proven;

5) Petitioner's constitutional rights were violated because the trial transcripts are not accurate;

6) Petitioner's Fourteenth Amendment rights were violated because Arizona's kidnapping statutes are

vague and ambiguous;

7) Petitioner's Fourth Amendment rights were violated when his preliminary hearing date was vacated;

8) Petitioner received ineffective assistance of Rule 32 counsel when counsel failed to raise claims of ineffective assistance of trial and appellate counsel in his post-conviction relief proceedings;

9) Petitioner received ineffective assistance of trial counsel when counsel failed to "accompany Petitioner in a free talk with the Phoenix Police," failed to interview one of the State's witnesses, and "failed to object to [the] Court's failure to rule on [a] motion before Court";

10) Petitioner received ineffective assistance of counsel when counsel "failed to object to the lack of venue in the indictment";

11) Petitioner received ineffective assistance of appellate counsel in violation of the Fourteenth Amendment when counsel failed to "challenge the State[']s case [and] failed to allege pertinent issues"; and

12) Petitioner received ineffective assistance of trial counsel in violation of the Sixth Amendment when trial counsel failed to "enter[] into an agreement with the County Attorney's office without informing the Petitioner"; failed to request a "mitigation specialist"; and failed to object to aggravated sentencing.

The Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).

## II. Warnings

### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

TERMPSREF

- 3 -

**B.     Copies**

Because Petitioner is currently confined in an Arizona Department of Corrections unit subject to General Order 14-17, Petitioner is not required to serve Respondents with a copy of every document he files or to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4.  If Petitioner is transferred to a unit other than one subject to General Order 14-17, he will be notified of the requirements for service and copies for the Court that are required for inmates whose cases are not subject to General Order 14-17.

**C.     Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Petitioner's Motion for Blank Certificate (Doc. 7) and Motion to Submit Page Eleven of Petition (Doc. 9) are **denied** as moot.

(2)     The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(3)     Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer.  Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense.  *Day v. McDonough*, 547 U.S. 198, 209-11 (2006).  If not limited to affirmative defenses, the answer must fully comply with all of the requirements of

Rule 5 of the Rules Governing Section 2254 Cases.

(4) Petitioner may file a reply within 30 days from the date of service of the answer.

(5) This matter is referred to Magistrate Judge John Z. Boyle pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 12th day of May, 2015.

Honorable Stephen M. McNamee
Senior United States District Judge

TERMPSREF

- 5 -