IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Damian Dudley,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-15-471-PHX-SMM (JZB)<br><br><br>**ORDER** |

Pending before the Court is Petitioner's Petition for Habeas Corpus. (Doc. 1.) The matter was referred to Magistrate Judge John Boyle for a Report and Recommendation, who filed a Report and Recommendation with this Court recommending that Petitioner's Petition be denied on its merits. (Doc. 28.) Petitioner then filed his objections to the Report and Recommendation and Respondents responded. (Docs. 31, 34.) After considering the Report and Recommendation, the arguments raised in Petitioner's Objections and Respondents' Response, the Court will deny Petitioner's Petition for Habeas Corpus.

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

# DISCUSSION[1]

Magistrate Judge Boyle filed a thorough twenty-five page Report and Recommendation ("R&R") recommending denial of relief for each of the twelve (12) claims that Petitioner raised in his Petition for Habeas Corpus. (Doc. 28.) In response, Petitioner listed each of the twelve claims that he raised in his habeas petition but only raised new objections regarding the R&R findings made for claims 1-3, and 5. (Id.) For the remainder of the claims, for claims 4 and 6-12, Petitioner states that he included them in his objections only for appeal preservation. (Id.) Respondents have answered the objections Petitioner made for claims 1-3 and 5. (Doc. 34.)

Therefore, the Court will address only the objections Petitioner raised in claims 1-3 and 5 regarding the R&R.

For habeas claim 1, Petitioner objects reasserting his allegation that his indictment violated the Sixth Amendment because it failed to allege "venue," which he maintains is the required location where the crimes occurred. (Doc. 31 at 2.) Petitioner maintains that his indictment was required to specify Camelback Road and Third Avenue. (Id.)

Here, the R&R properly denied relief; there is no Sixth Amendment violation as to Petitioner's indictment. By its specification of Maricopa County the indictment adequately apprised Petitioner of the location of criminal charges against which he was required to defend himself. (See Doc. 28 at 10 (citing Russell v. United States, 369 U.S. 749, 763-64 (1962) (stating that an indictment is adequate if it sufficiently lets the defendant know of the charges against him and what charges he must be prepared to meet). Arizona law defines "venue" as the county in which the offenses occur. See Ariz. Const. Art. 2, § 24; A.R.S. § 13–109(A).

Furthermore, Petitioner has never alleged that he did not have sufficient notice to defend the charges filed against him. Petitioner's convictions bar any subsequent

---

[1] The factual and procedural history of this case is set forth in the Magistrate Judge's Report and Recommendation. (Doc. 28.)

- 2 -

1  prosecutions for the robbery, kidnapping, and/or aggravated assault of the named victim on
2  or about May 2, 2007, regardless of the specific location of the offenses within Maricopa
3  County. See United States v. Miller, 471 U.S. 130, 134–35 (1985) (finding adequacy of
4  indictment where it gave defendant "clear notice" of charges against him and was sufficient
5  to allow him "to plead it in the future as a bar to subsequent prosecutions").

6  For habeas claim 2, Petitioner objects reasserting that multiple errors were committed
7  during his trial and therefore he is entitled to relief on the basis of cumulative error. (Doc.
8  31 at 2-3.) In support, he states that in regard to his allegations in habeas claims 2, 3, 4, and
9  5, he received ineffective assistance of counsel ("IAC"), and therefore, there was cumulative
10 error at his trial. (Id.)

11 The R&R found that because there were no individual errors at trial, there was no
12 cumulative error that would entitle Petitioner to relief, citing Hayes v. Ayers, 632 F.3d 500,
13 525 (9th Cir. 2011) (stating that "[b]ecause we conclude that no error of constitutional
14 magnitude occurred, no cumulative prejudice is possible.") (Doc. 28 at 10-11.)

15 The R&R properly denied habeas claim 2 for the reasons stated. As to Petitioner's
16 objections regarding alleged IAC received at trial, he does not object to the R&R's rulings
17 regarding his multiple IAC claims in habeas claim 8, other than to present those claims for
18 appeal preservation.

19 For habeas claim 3, Petitioner objects reasserting that a prior conviction in
20 Massachusetts should not have been used to enhance his sentence because the adjudication
21 of guilt and sentencing was obtained without the benefit of counsel in violation of the Sixth
22 Amendment. (Doc. 31 at 3.)

23 The R&R found that a "presumption of regularity" attaches to prior convictions
24 offered for purposes of sentence enhancement, and a defendant must do more than merely
25 pointing to a missing or silent trial transcript, citing United States v. Mulloy, 3 F.3d 1337,
26 1339–40 (9th Cir. 1993). (Doc. 28 at 11.) Rather, "the petitioner must make an 'affirmative
27 showing' that overcomes the presumption of regularity that accompanies final judgments of
28 conviction." (Id.) The R&R further found that Petitioner has presented nothing other than his

1 Petition and Amended Affidavit that he was not represented by counsel when he pleaded
2 guilty and was sentenced, and that this was insufficient to overcome the presumption of
3 regularity, citing United States v. Allen, 153 F.3d 1037, 1042 (9th Cir. 1998) (finding
4 "Allen's testimony at the 1997 resentencing hearing was insufficient to overcome the
5 presumption of regularity").

6 In his objection, Petitioner attempts to shift the burden of proof to the State of Arizona
7 maintaining that it was required to show that Petitioner was represented during the critically
8 important stage of sentencing. (Doc. 31 at 4.) The Court agrees with the R&R that it is
9 Petitioner who must prove the invalidity of a prior conviction by a preponderance of the
10 evidence. See Allen, 153 F.3d at 1041. Petitioner has failed to overcome the presumption of
11 regularity that accompanies final judgments of conviction.

12 Finally, for habeas claim 5, Petitioner objects reasserting that he did not procedurally
13 default his claim regarding the inaccuracy of his trial transcripts and alleged document
14 tampering. (Doc. 31 at 4-5.)

15 The R&R notes that in his direct appeal, Petitioner raised this issue and the Arizona
16 Court of Appeals directed him to raise it in his post-conviction relief motion so that the facts
17 of the issue could be developed. (Doc. 28 at 14.) Petitioner chose not to do so, alleging that
18 if he had complied, the Post Conviction Relief ("PCR") Court would have found it precluded
19 for his failure to raise it on direct appeal. (Id.) Absent fair presentation to the state court, the
20 R&R found the claim procedurally defaulted. (Id.)

21 Although Petitioner alleges that the court of appeals resolved this claim on the merits,
22 the Court agrees with the R&R that this claim was procedurally defaulted. As stated in the
23 R&R, the Arizona Court of Appeals directed Petitioner to raise the claim in his
24 post-conviction relief petition so that the facts of the issue could be developed during the
25 PCR proceeding. Petitioner chose not to do so and thus procedurally defaulted it.

## CONCLUSION

27 Accordingly, on the basis of the foregoing,

28 **IT IS HEREBY ORDERED** adopting the Report and Recommendation of

- 4 -

1 | Magistrate Judge Boyle. (Doc. 28.)

2 | **IT IS FURTHER ORDERED** denying Petitioner's Objections to the Report and Recommendation. (Doc. 31.) Petitioner's Petition for Habeas Corpus is **DISMISSED WITH PREJUDICE**. (Doc. 1.) The Clerk of Court shall enter judgment for Respondents and terminate this case.

**IT IS FURTHER ORDERED** denying a Certificate of Appealability. Petitioner has not made a substantial showing of the denial of a constitutional right and the dismissal of certain claims was justified by a plain procedural bar. Jurists of reason would not find the procedural ruling debatable.

DATED this 14th day of November, 2016.

_____
Stephen M. McNamee
Senior United States District Judge